## ERIE IRON & STEEL CO. v. CAMBRIDGE STEEL PRODUCTS CO.

### No. 4570.

Circuit Court of Appeals, Third Circuit.

Sept. 1, 1931.

F. B. Quinn (of English, Quinn, Leemhuis & Tayntor), of Erie, Pa., for appellant.

Chas. H. Sachs (of Sachs & Caplan), of Pittsburgh, Pa., and Scott & Scott, of Camridge, Ohio, for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below, the Cambridge Steel Products Company brought suit against the Erie Iron & Steel Company for the price of carloads of billets and concrete reinforcing steel sold by it to defendant. The contract provided "material to be delivered f. o. b. car seller's works at Cambridge, O." This was done in the presence of representatives of both parties. The cars reached Erie in due course, and were delivered at defendant's yard. After remaining there two days, the defendants weighed the contents, and alleged there was a large shortage in weight. As the proof was that the steel was made up in bundles and that wires were fastened from one side of the cars to the other to hold the bundles in place, and as there was no proof of loss in transit, the case finally narrowed down to the question of whether parts of the carloads had been surreptitiously unloaded while they stood in defendant's yard. That bald issue of fact was fought out by the parties in the proofs and to the jury, with the result the defendant lost. Such being the case, and there being nothing to impugn the weighing done by the railroad in the presence of both parties when the steel bundles were shipped, it follows the plaintiff rightly recovered, unless some error was made by the court in the admission or rejection of evidence, in its charge, or in its answer to points.

As to the admission of the testimony of the witnesses Robinson and Wheeler, we find no error. It simply showed the loading of the steel on the cars, and, the defendant's representative being present and having objected to the plaintiff's scales being used, the weighing was done on the railroad scales with his acquiescence. There was no error in this. Nor do we find any error in the court in refusing proof of what was said and done by representatives of the railroad and the defendant some considerable time thereafter in the adjustment of freights. The plaintiff was not present, had no knowledge thereof, and the court rightly refused to admit it.

Without discussing the further contentions made, all of which have had due consideration, we limit ourselves to saying we find no error, and therefore affirm the judgment.